IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00782-PAB

XY, LLC,

    Plaintiff,

v.

JOHN F. HASLER,

    Defendant.

---

**ORDER OF DISMISSAL**

---

This matter is before the Court on the March 31, 2014 Response to Order to Show Cause filed by plaintiff XY, LLC ("XY"). Docket No. 12. The Court ordered plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 6.

The amended complaint alleges that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Docket No. 2 at 2, ¶ 3. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed

in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

The Court issued its Order to Show Cause on March 19, 2014, ordering plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction due to plaintiff's failure to adequately allege its citizenship and the citizenship of defendant John F. Hasler. Docket No. 6.

In response to the order to show cause, plaintiff states that it is wholly owned by Inguran, LLC ("Inguran"), which has forty-four members, including limited liability companies, partnerships, and trusts. Docket No. 12 at 2-3. XY states that it is "not aware of any member (up to at least the fourth level from XY) that is a citizen of Colorado." *Id*. at 3. XY further states:

> XY notes that certain members of Inugran's [sic] entity members are entities themselves. These entities may have additional entity members, who may have additional entity members, and so on. Because these entities may be LLCs and/or partnerships, XY would need to engage in an exhaustive analysis of multiple levels of ownership, which would provide information about persons that do not have a significant ownership interest in XY. XY has provided ownership information up to four levels of ownership– information beyond this would relate to members that exert a small and insignificant contribution to the ownership of XY.

*Id*. (citation omitted); *see also* Docket No. 14 (Declaration of Evan Gedminas in Support of XY, LLC's Response to Court's Order to Show Cause) at 4, ¶ 7 ("To the best of my knowledge, the members of Inguran's owners (listed above) are domiciled and reside in of [sic] the following states: Arkansas, California, Delaware, and Texas. There are an additional 49 members of the members of Inguran. I do not, however, have information regarding the individual identities of these members.").

As stated in the Order to Show Cause, although the Supreme Court and the

Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens.  *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011); *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 224 (5th Cir. 2012); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *IP of A West 86th Street 1, LLC v. Morgan Stanley Mortg. Capital Holdings, LLC*, 686 F.3d 361, 363 (7th Cir. 2012); *Buffets, Inc. v. Leischow*, 732 F.3d 889, 897 n.6 (8th Cir. 2013); *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, --- F.3d ----, 2014 WL 407389, at *2 (9th Cir. Feb. 4, 2014); *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiff acknowledges that it has not carried its burden, but suggests that it is not necessary to trace its ownership any further because "information beyond this would relate to members that exert a small and insignificant contribution to the ownership of XY."  Docket No. 12 at 3.  In other words, plaintiff asks the Court to relax the well-established rule regarding the citizenship of an LLC because plaintiff finds that the strict application of the rule in this instance is

3

unnecessary.  In *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990), however, the Supreme Court explained that the law of federal jurisdiction is "technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization."  Accordingly, this rule is not subject to adjustment on a case-by-case basis to accommodate differing factual scenarios or evidence regarding the role played by different members of an organization.  *See V&M Star, LP*, 596 F.3d 354, 356 (6th Cir. 2010) ("because a member of a limited liability company may itself have multiple members–and thus may itself have multiple citizenships–the federal court needs to know the citizenship of each 'sub-member' as well"); Hon. William W. Schwarzer et al., Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed. 2014) Ch. 2C-3 at § 2:1355 ("In suits by or against a partnership, the citizenship of *all* partners–general and limited–is attributed to the partnership for diversity purposes.").  Since plaintiff has not met its "burden of establishing [the Court's] jurisdiction as a threshold matter," *see Radil*, 384 F.3d at 1224, it is

**ORDERED** that this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

DATED April 1, 2014.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge